LOPATKOVICH, APPELLANT, *v.* CITY OF TIFFIN ET AL., APPELLEES.

[Cite as Lopatkovich *v.* Tiffin (1986), 28 Ohio St. 3d 204.]

(No. 86-204—Decided December 26, 1986.)

*O'Brien & Bauer Co., L.P.A.,* and *Bernard K. Bauer,* for appellant.
*Arthur F. Graham Law Offices* and *Arthur F. Graham,* for appellee
city of Tiffin.

*Oxley, Malone, Fitzgerald & Hollister* and *Dennis Fitzgerald,* for appellee Habendum Trust.

*Downing & Downing Law Offices* and *Robert B. Downing,* for appellee Comstock Jewelry, Inc.

*Per Curiam.* The plaintiff-appellant contends that she has established a prima facie case of negligence, and that in light of the comparative negligence statute (R.C. 2315.19), it was improper for the trial court to grant summary judgments in defendants' favor. Plaintiff further argues that Tiffin Ordinance No. 521.06[1] compels owners and occupiers of property abutting public sidewalks to remove ice and snow from such sidewalks, and that when the violation of such ordinance by an occupier or owner results in injury to a pedestrian, a prima facie cause in negligence arises. Plaintiff also submits that the defendant jewelry store committed affirmative negligence by improperly removing the snow, thereby creating an unnatural accumulation of snow and ice. Lastly, plaintiff contends that the question of whether the city failed to perform its statutory duty to keep the sidewalk in repair, and whether this failure constituted the proximate cause of her injuries, should be determined by a jury, rather than by summary judgment.

In reviewing the arguments submitted by plaintiff, we find that her characterization of her action as being a prima facie case of negligence is not supported by the evidence adduced below, and is not in line with the overwhelming weight of authority throughout the country. Plaintiff attempts to place liability on the property owner and jewelry store by relying upon the Tiffin ordinance, which she claims imposes a duty on the occupant and owner to keep abutting sidewalks free of snow and ice. However, the general rule governing natural accumulations of snow and ice on public sidewalks is that the owner owes no such duty and is not subject to civil liability even where an ordinance requires the owner or occupier to keep abutting sidewalks free from snow and ice. Annotation (1962), 82 A.L.R. 2d 998; 55 Ohio Jurisprudence 3d (1984) 64-65, Highway, Streets, and Bridges, Section 461. See, also, *Debie* v. *Cochran Pharmacy-Berwick, Inc.* (1967), 11 Ohio St. 2d 38, 40 [40 O.O.2d 52]; and *Sidle* v. *Humphrey* (1968), 13 Ohio St. 2d 45 [42 O.O.2d 96].

While plaintiff wishes that this court would adopt the minority rule, see, *e.g., Rich* v. *Rosenshine* (1947), 131 W. Va. 30, 45 S.E. 2d 499, which holds that a violation of a sidewalk snow-removal ordinance creates a prima facie case of negligence, we decline to embrace such a standard. The underlying rationale for our rejection of the minority viewpoint in this context is based on the simple fact that snow and ice are part of wintertime life in Ohio. As we noted in *Norwalk* v. *Tuttle* (1906), 73 Ohio St. 242, 245:

---

[1] This city ordinance provides in relevant part:

"(a) No owner or occupant of abutting lands shall fail to keep the sidewalks, curbs or gutters in repair and free from snow, ice or any nuisance."

"* * * In a climate where the winter brings frequently recurring storms of snow and rain and sudden and extreme changes in temperature, these dangerous conditions appear with a frequency and suddenness which defy prevention and, usually, correction. * * * To hold that a liability results from these actions of the elements would be the affirmance of a duty which it would often be impossible, and ordinarily impracticable * * * to perform."

In our view, the rationale behind sidewalk snow removal statutes like the one *sub judice* is that it would be impossible for a city to clear snow and ice from all its sidewalks; and the duty imposed by such statutes is most likely a duty to assist the city in its responsibility to remove snow and ice from public sidewalks. This, however, does not raise a duty on owners and occupiers to the public at large, and such statutes should not, as a matter of public policy, be used to impose potential liability on owners and occupiers who have abutting public sidewalks. See *Eichorn* v. *Lustig's, Inc.* (1954), 161 Ohio St. 11 [52 O.O. 467]. Of course, a different matter arises when an abutting owner or occupier is actively negligent in permitting and/or creating a dangerous or unnatural accumulation of snow and ice. Such a situation, however, is not presented in the cause *sub judice.*

Plaintiff contends that the defendant jewelry store and defendant property owner failed to remove an "unnatural" accumulation of snow and ice on the sidewalk in issue. However, our review of the testimony and exhibits presented below indicates that the snow or ice plaintiff apparently slipped on was in fact a "natural" accumulation of snow or ice.

In the instant case, the evidence shows that at approximately 1:57 a.m. on January 24, 1981, plaintiff and a friend left the bar and were walking down the sidewalk that abuts the south side of the jewelry store. Plaintiff noticed that the temperature had dropped and that water on the sidewalks had begun to freeze. Being fully aware of this icy condition, plaintiff proceeded down the sidewalk towards her car, and slipped on the ice thereby sustaining a fractured leg. Plaintiff testified, contrary to the allegations in her complaint, that as far as she could remember the sidewalk where she fell was lighted at the time. Plaintiff's testimony and the evidence further indicate that her fall occurred a distance away from the edge of the canopy on the jewelry store. Moreover, plaintiff's own testimony, along with the testimony given by the jewelry store manager, does not reveal any evidence of improper snow removal on the part of defendants. Based on all these circumstances, we believe that the trial court was correct in granting summary judgment in favor of the jewelry store and property owner.

Turning our attention to the summary judgment rendered in favor of the defendant city of Tiffin, the plaintiff contends that the city negligently failed to maintain the sidewalk in question. In particular, plaintiff submits that a jury question arose concerning the negligence of the city since she slipped on ice which had formed in a depression in the sidewalk in issue. It

is plaintiff's contention that the city negligently failed to perform its statutory duty under R.C. 723.01 to keep the sidewalk "open, in repair, and free from nuisance," and that the question whether such failure was the proximate cause of her injuries should have been submitted to a jury.

With respect to the accumulation of snow and ice on the instant sidewalk, plaintiff has failed to demonstrate that the ice she slipped on was anything other than a natural acccumulation. By her own testimony, plaintiff admitted that the sidewalk in issue was covered with splotchy patches of ice, which were clearly the result of melting snow that refroze as the temperature dipped below the freezing point during the time she was in Robie's Dugout. Summary judgment was properly granted in favor of the city in this respect because the plaintiff failed to demonstrate any hint of negligence on the part of the city in terms of snow and ice removal.

With regard to plaintiff's allegation that the city failed to perform its duty to keep the sidewalk in repair under R.C. 723.01, we again discern no evidence of any breach of duty or of negligence on the part of the city. Upon a careful review of the record, we cannot find a scintilla of evidence that would tend to indicate that the city was on notice (either actual or constructive) of any alleged defects in the sidewalk in issue. In fact, plaintiff's testimony and photographic exhibits reveal that there were no depressions or defects on the sidewalk where plaintiff was injured. As defendants correctly point out, if there existed any defects in the sidewalk abutting the jewelry store, such defects or depressions were on that side of the store where plaintiff did not traverse. The photographs submitted by plaintiff indicate no depressions on the sidewalk where plaintiff slipped that would promote the unnatural accumulation of ice puddles. Therefore, we find that summary judgment was properly granted in favor of the city of Tiffin.

Based on the cogent reasoning employed in our prior pronouncements, *i.e., Eichorn, supra; Norwalk, supra; Debie, supra;* and *Sidle, supra*, as applied to the evidence and testimony adduced below, we affirm the summary judgments in favor of all the defendants, since there remain no genuine issues of material fact, and these defendants are entitled to judgment as a matter of law.

Accordingly, the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.