**Vest v. LaJoe**
*[Cite as 8 AOA 426]*

Case No. 57710
Cuyahoga County, (8th)
Decided December 6, 1990

*James L. Hamilton, Epp & Hamilton, One Erieview Plaza, Suite 1200, Cleveland, Ohio 44114, for Plaintiff-Appellant.*

*William S. Derkin, 1535 Leader Building, 526 Superior Avenue, Cleveland, Ohio 44114, for Defendants-Appellees.*

MATIA, J.

Plaintiff-appellant, Victoria R. Vest, appeals from the judgment of the trial court which granted the defendants-appellees', George LaJoe and Susan LaJoe, motion for summary judgment. The trial court entered judgment on behalf of the appellees on the appellant's claim which involved a slip and fall on ice and snow.

## I. THE FACTS
### A. THE APPELLANT'S INJURY

On February 8, 1985, the appellant was a tenant in an apartment building owned by the appellees located at 3478 West 63 Street, Cleveland, Ohio. At approximately 10:00 p.m., on the evening of February 8, 1985, the appellant was walking on the sidewalk which lead to her apartment when she slipped and fell on an accumulation of ice and snow. The appellant suffered a broken right ankle as a result of her slip and fall.

### B. THE APPELLANT' S COMPLAINT

On February 25, 1986, the appellant filed a complaint in the Cuyahoga County Court of Common Pleas. The appellant's complaint alleged that the appellees had negligently failed to remove ice and snow from the walkway leading to the apartment. The complaint further alleged that the appellees had negligently removed accumulations of ice and snow from the walkway leading to the apartment building.

### C. THE APPELLEES' MOTION FOR SUMMARY JUDGMENT

On March 15, 1989, the appellees filed a motion for summary judgment pursuant to Civ. R. 56. The appellees, through their motion for summary judgment, argued that a landlord possessed neither a common law duty nor a statutory duty to remove natural accumulations of ice and snow which in turn prevented the maintenance of any negligence action as based upon a slip and fall on ice and snow.

On April 11, 1989, the appellant filed a brief in opposition to the appellees' motion for summary judgment. The appellant's brief in opposition also contained the affidavit of the appellant which alleged that the appellees had negligently removed natural accumulations of ice and snow from the walkway leading to the apartment building.

On April 14, 1989, the trial court granted the appellees' motion for summary judgment.

### D. THE APPELLANT'S TIMELY APPEAL

Thereafter, the appellant timely brought the instant appeal from the judgment of the trial court which granted the appellees' motion for summary judgment.

## II. THE SOLE ASSIGNMENT OF ERROR

The appellant's sole assignment of error is that:

"THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S [SIC] MOTION FOR SUMMARY JUDGMENT, CONTRARY TO OHIO RULES OF CIVIL PROCEDURE, RULE 56(C) IN THAT THERE EXISTED A GENUINE ISSUE AS TO A MATERIAL FACT."

### A. ISSUE RAISED: GENUINE ISSUES OF MATERIAL FACT EXISTED FOR THE TRIER OF FACT

The appellant, in her sole assignment of error, argues that the trial court erred in granting the appellees' motion for summary judgment. Specifically, the appellant argues that genuine issues of material fact existed for the trier of fact with regard to whether the appellees had negligently removed ice and snow from the apartment building common walkway thus causing a more dangerous condition which proximately resulted in the appellant's injuries.

The appellant's sole assignment of error is well taken.

### B. MOTION FOR SUMMARY JUDGMENT AND STANDARD OF REVIEW

Civ. R. 56(C), which establishes the standard for granting a motion for summary judgment, provides that:

"*** Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that

there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only there from, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. ***"

In addition, the Supreme Court of Ohio, in *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St. 2d 1, with regard to the granting or denial of a motion for summary judgment, held that:

"'Summary judgment is a procedural device to terminate litigation and to avoid a formal trial where there is nothing to try. It must be awarded with caution, resolving doubts and construing evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion. *Petroff v. Commercial Motor Freight, Inc.* (1960), 82 Ohio Law Abs. 433; *Horvath v. Fisher Foods, Inc.* (1963), 93 Ohio Law Abs. 182; *Norman v. Thomas Emery's Sons, Inc.* (1966), 7 Ohio App. 2d 41; *Morris v. First Natl. Bank & Trust Co.* (1970), 21 Ohio St. 2d 25. A successful motion for summary judgment rests on the two-part foundation that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Kwait v. John David, Management Co.* (1974), 42 Ohio App. 2d 63.' *Vetovitz Bros., Inc. v. Kenny Constr. Co.* (1978), 60 Ohio App. 2d 331, 332." *Norris v. Ohio Std. Oil Co., supra,* at 2.

In the case *sub judice,* a review of the record reveals that genuine issues of material fact existed for the trier of fact which prevented the granting of the appellees' motion for summary judgment.

## C. DUTY OF LANDLORD TO CLEAR NATURAL ACCUMULATIONS OF ICE AND SNOW

Ordinarily, a landlord possess no duty to keep common areas of a leased premises free and clear of natural accumulations of ice and snow. *LaCourse v. Fleitz* (1986), 28 Ohio St. 3d 209. *Lopatkovich v. Tiffin* (1986), 28 Ohio St. 3d 204. A landlord, however, who volun-

tarily undertakes to remove natural accumulations of ice and snow from the common areas of a leased premises possesses the duty to remove the natural accumulations of ice and snow in such a manner that a hazard is not created or that an existing hazard is not aggravated. Thus, an ordinary standard of care must be applied where a landlord voluntarily removes natural accumulations of ice and snow from the common areas of a leased premises. *Lopatkovich v. Tiffin, supra; Smith v. Fraternal Order of Eagles* (1987), 39 Ohio App. 3d 97; *Kline v. R. N. Landis Management Co.* (May 10, 1990), Cuyahoga App. No. 56946, unreported; *Tonelli v. M. H. Hausman Co.* (Sept. 28, 1989), Cuyahoga App. No. 55915, unreported.

## D. GENUINE ISSUES OF FACT EXISTED WITH REGARD TO NEGLIGENT REMOVAL OF NATURAL ACCUMULATION OF ICE AND SNOW

Herein, a review of the pleadings, answers and affidavits demonstrates the existence of genuine issues of material fact as to whether the appellees voluntarily removed natural accumulations of ice and snow from the common walkway of the apartment building, whether the appellees negligently removed the natural accumulations of ice and snow which in turn created or aggravated an existing hazard band whether the appellees' negligence was the proximate cause of the appellant's injuries. Only the trier of fact could resolve the aforesaid genuine issues of material fact.

Therefore, the trial court erred in granting the appellees' motion for summary judgment. The judgment of the trial court is reversed and the matter is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

J.V. CORRIGAN, P.J., and J.F. CORRIGAN, J., concur.