OPINION
On February 15, 1995, plaintiff Daniel Peterfish fell and injured himself while working for defendant, United Parcel Service ("UPS"). At that time, Mr. Peterfish was employed as a "yard shifter." As a yard shifter, Mr. Peterfish was responsible for moving semi-tractor trailers between loading docks and from loading docks to the staging area at defendant's Obetz, Ohio, facility.
After receiving instructions from one of defendant's dispatchers, Mr. Peterfish would back his tractor up to the appropriate trailer and secure all mechanical and electrical connections. Mr. Peterfish was then required to check the back of the trailer to ensure that it was not occupied and that both the load and doors were secure.
During his shift on February 15, Mr. Peterfish was instructed to move a trailer located at dock number 45 when he slipped and fell on snow and ice which had accumulated on the pavement surrounding this dock. As a result of his injury, Mr. Peterfish filed a workers' compensation claim and received temporary total disability compensation. Mr. Peterfish and his wife also filed this action claiming that the defendant had knowledge of a dangerous condition in which they required him to work. Specifically, plaintiffs allege that the defendant had knowledge that requiring its yard shifters to walk back to check the rear of the trailers was a dangerous procedure and that harm to its drivers as a result of performing this procedure was a substantial certainty.
On February 2, 1999, defendant moved for summary judgment on the claims set forth in the plaintiffs' complaint. However, the matter was stayed pending the release of the Ohio Supreme Court's decision in Johnson v. BP Chemicals, Inc. (1999),85 Ohio St.3d 298. After that decision was released, the trial court reactivated the case and on July 28, 1999, sustained defendant's motion for summary judgment. Plaintiff now appeals raising the following assignment of error:
 The Trial Court erred to the substantial prejudice of Plaintiff-Appellants Daniel and Catherine Peterfish in granting Defendant-Appellee United Parcel Service's motion for summary judgment and dismissing Plaintiffs-Appellants' claims against Defendant-Appellee.
When reviewing defendant's motion for summary judgment, this court must determine whether the trial court correctly determined that there are no genuine issues of material fact, and that defendant is entitled to judgment as a matter of law. When doing so, this court applies the same standard applied by the trial court. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102
. That standard is contained in Civ.R. 56(C), which provides:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *
A motion for summary judgment requires the moving party to set forth the legal and/or factual basis which allegedly entitles the party to judgment as a matter of law. Dresher v.Burt (1996), 75 Ohio St.3d 280, 292. The court is then obligated to view and evaluate the evidence in a light most favorable to the nonmoving party to determine whether a genuine question of fact exists. Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317. However, this presumption does not allow the nonmoving party to rest upon the allegations or denials contained in his or her pleadings. Civ.R. 56(E). Rather, he or she must come forth with specific facts showing the existence of a genuine issue for trial.Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108,111, following Celotex v. Catrett (1986), 477 U.S. 317,106 S.Ct. 2548. Having applied the relevant law to the facts of this case, we conclude that judgment in favor of defendant was appropriate. Accordingly, we affirm the allowance of summary judgment in defendant's favor.
In order to prevail upon their claim for intentional tort, plaintiffs must show: (1) that the defendant knew that requiring its drivers to check the back of trailers before moving them constitutes a dangerous process, procedure, or condition; (2) that the defendant knew that if Mr. Peterfish was required to perform this check that he was certain to be injured; and (3) that the defendant, under such circumstances, and with such knowledge, required Mr. Peterfish to continue to perform this procedure.Fyffe v. Jeno's, Inc. (1991), 59 Ohio St.3d 115.
It is well-settled that to establish an intentional tort by an employer, proof beyond that required to prove negligence is required. Indeed, even proof beyond that required to prove recklessness must be shown. Id. In Fyffe, the Supreme Court explained:
 * * * Where the employer acts despite his knowledge of some risk, his conduct may be negligence. As the probability increases that particular consequences may follow, then the employer's conduct may be characterized as recklessness. As the probability that the consequences will follow further increases, and the employer knows that injuries to employees are certain or substantially certain to result from the process, procedure or condition and he still proceeds, he is treated by the law as if he had in fact desired to produce the result. However, the mere knowledge and appreciation of a risk — something short of substantial certainty — is not intent. [Id. at paragraph two of the syllabus, citing Van Fossen v. Babcock Wilcox Co.
(1988), 36 Ohio St.3d 100.]
A thorough review of the record fails to reveal any evidence which might suggest that the defendant's mandatory pre-trip safety check was dangerous. There is absolutely no indication that the method of inspecting the mechanical and electrical connections between tractors and trailers, or the practice of visually inspecting trailers in order to ensure that they are not occupied and that the load and doors are secure, is in any way hazardous to Mr. Peterfish or other employees. There is also no evidence which might indicate that the defendant knew that its inspection procedure was hazardous, or that it continued to require its drivers to perform inspections despite this knowledge. Indeed, we are unable to find evidence which might show that the defendant was even negligent in requiring its drivers to perform this task.
We are also unable to find evidence which might demonstrate that inclement weather constitutes an actionably dangerous condition within the defendant's business operation. For some time, the courts of this state have recognized that winter in Ohio often brings with it hazardous conditions. SeeLopatkovich v. Tiffin (1986), 28 Ohio St.3d 204. Indeed, inLopatkovich, the court quoted Norwalk v. Tuttle (1906), 73 Ohio St. 242,245, stating:
 "* * * In a climate where the winter brings frequently recurring storms of snow and rain and sudden and extreme changes in temperature, these dangerous conditions appear with a frequency and suddenness which defy prevention and, usually, correction. * * * To hold that a liability results from these actions of the elements would be the affirmance of a duty which it would often be impossible, and ordinarily impracticable * * * to perform." [Id. at 207.]
Generally, accumulations of ice and snow are so obvious that landowners may reasonably expect others to discover them, and protect themselves against them. Sidle v. Humphrey (1968),13 Ohio St.2d 45. It is certainly clear from the deposition testimony in this case that all of the individuals who worked in the defendant's Obetz facility recognized that the area in which Mr. Peterfish fell, in addition to other exposed areas of the facility, became icy during inclement weather. However, when viewed in Mr. Peterfish's favor, the evidence and testimony of record demonstrates at most that the defendant was arguably negligent in the manner in which it went about the task of clearing ice and snow from between trailers parked at its loading docks. While it might also be argued that the defendant was negligent in failing to adequately light the dock where Mr. Peterfish fell, the evidence is clearly insufficient to raise a factual question as to whether the defendant acted beyond that which is characterized by the law as recklessness, acting instead as if it had in fact desired to cause Mr. Peterfish's injury.
Having thoroughly reviewed the record, we find that summary judgment was correctly entered in the defendant's favor. Accordingly, plaintiffs' assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
 _________________________ PETREE, J.
LAZARUS and QUILLIN, JJ., concur.
QUILLIN, J., retired of the Ninth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.