JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-appellants, Frank and Carla Evans, (collectively referred to as "appellants"), appeal from the granting of summary judgment in favor of defendant-appellee, Dianna's Deli Restaurant and Grill, ("appellee"), in their premises liability action for personal injuries. For the reasons that follow, we affirm.
 {¶ 2} A review of the record on appeal reveals that on February 8, 2000, appellants met their step-son and son-in-law for dinner at appellee's restaurant at approximately 10:00-10:30 p.m. Appellant Frank Evans, ("Evans"), parked his vehicle along the restaurant's sidewalk, next to the entrance door of the restaurant. He claims that he had no problem exiting his vehicle, walking on the parking lot pavement to the front of his car, and then stepping up onto the sidewalk which abutted the restaurant. The sidewalk was partially covered by the roof of the building. After their dinner, Evans walked along the sidewalk toward his vehicle. He claims that as he was stepping from the sidewalk down to the parking lot pavement, his right foot on the sidewalk slipped on "packed-down snow" and he fell, breaking his left foot. Evans claims that he did not see the snow until after he slipped and fell. Evans claims that the snowplow plowed the snow so as to spill over onto the sidewalk, which was an unnatural accumulation of snow.
 {¶ 3} On November 30, 2000, appellants filed their complaint for personal injuries sustained as a result of the slip and fall on appellee's premises.[1] On February 11, 2002, appellee filed its motion for summary judgment which the trial court denied in its April 8, 2002 journal entry.
 {¶ 4} On August 14, 2002, the trial court filed a nunc pro tunc journal entry which stated:
 {¶ 5} "Docket correction. Journal entry of 4/8/02 should have read defendant's motion for summary judgment (filed 2/11/02) is granted. Motion for summary judgment is granted. Case is dismissed. Final."
 {¶ 6} Thereafter, appellants filed a motion for reconsideration which was denied on August 27, 2002 and motion for relief from judgment which was denied on September 9, 2002.
 {¶ 7} The appellants submit two assignments of error for our review, the first of which is as follows:
 {¶ 8} "The trial erred in granting defendant's motion for summary judgment as there were genuine issues of material fact and defendant was not entitled to judgment as a matter of law (Doc. Entry No. 52)."
 {¶ 9} With regard to procedure, we note that this court reviews the lower court's grant of summary judgment de novo in accordance with the standards set forth in Civ. R. 56(C). North Coast Cable v. Hanneman
(1994), 98 Ohio App.3d 434, 440. In order for summary judgment to be properly rendered, it must be determined that:
 {¶ 10} "(1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from such evidence that reasonable minds can come to but one conclusion and, reviewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to the party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327. See also, State ex. rel. Zimmerman v. Tompkins
(1996), 75 Ohio St.3d 447, 448.
 {¶ 11} The burden of establishing that there are no genuine issues of material fact to be litigated is upon the party moving for summary judgment. Turner v. Turner (1993), 67 Ohio St.3d 337, 340. If the moving party meets this burden, the non-moving party must then produce evidence pursuant to Civ. R. 56 setting forth specific facts which show that there is a genuine triable issue. State ex. rel Zimmerman v. Tompkins, supra.
 {¶ 12} In the motion for summary judgment, appellees cited Morganv. Eastown Eagle Supermarket (Nov. 14, 1991), Cuyahoga App. No. 59359, and argued that the patch of snow or ice was a natural accumulation and that plowing to remove a natural accumulation does not change its nature from natural to unnatural. Appellees argued that there is no evidence that the plowing made the condition more dangerous than it would have been in its natural state and thus, there is no liability, citing Youngv. Ameritrust Co. (Aug. 17, 1995), Cuyahoga App. No. 68618 and Myers v.Forest City Ent., Inc. (1993), 92 Ohio App.3d 351.
 {¶ 13} Attached to the motion for summary judgment is the deposition testimony of Evans who stated that, on the day of the fall, he walked the same path returning to his vehicle as he walked to get into the restaurant. Evans stated that the lighting condition was "not real dark, but sort of dark." Evans admitted that when he originally walked from his car up to the sidewalk that he was not paying attention and had no difficulty walking from the vehicle up the sidewalk and into the restaurant. Evans stated that he stepped onto the same spot which he stated was "pretty clear" and that he had no problem walking on it. He also testified that the sidewalk area from the restaurant door to the front of his car was clear. In fact, Evans stated that there was no snow on the sidewalk or pavement other than the patch on which he slipped. Evans testified in his deposition that it looked as if the snow had been pushed up by a shovel but admitted that he did not know how the snow got there.
 {¶ 14} Evans testified that he returned to the restaurant the next day, February 9, 2000, and photographed the area where he fell. Evans testified The photographs attached to the motion reveal melting snow along the parking space in which Evans indicated that he parked his vehicle. The parking space abuts a curb and foilage area. Evans testified that there was snow pushed up on the curb by the shrubbery, but only the one patch of snow existed on the sidewalk. The photographs show a wet spot where Evans indicated that the patch of snow existed the night before.
 {¶ 15} In their brief in opposition, appellants argued that Evans was a business invitee and as such, appellee owed him a duty to provide safe ingress and egress, citing Stinson v. Cleveland Clinic Found.
(1987), 37 Ohio App.3d 146. Appellants argued that appellee created the dangerous condition by plowing and that the patch of snow and ice was an unnatural condition, citing Stinson and Tyrell v. Inv. Assoc. Inc. Cuy.Co. (1984), 16 Ohio App.3d 47. There is no allegation that a snow pile thawed, melted onto the sidewalk and refroze there or that it was a condition as a result of dripping from the overhang above the sidewalk.
 {¶ 16} Appellants attached portions of the deposition testimony of Evans, Jones and Dianna Fanourakis ("Fanourakis"), the owner/manager of the restaurant. Jones testified that he performed the snow removal services at the restaurant which consisted of plowing the snow on the parking lot and aprons. He testified that he was not responsible for the removal of snow on the sidewalks and that appellee maintained the sidewalks. Fanourakis confirmed that the restaurant maintained the sidewalks. Jones estimated that he plowed the parking lot four to five days before the date on which Evans fell, based on his later review of "snowfall numbers." Jones then stated that sometimes when he plowed the parking lot, snow would get on the sidewalks and that appellee did not do a good job of cleaning the sidewalks.
 {¶ 17} Fanourakis testified that the employees shoveled and salted the walkways as needed but had no recollection of whether the walkways were shoveled and salted the evening Evans fell. Fanourakis denied that Jones plowed snow onto the sidewalk.
 {¶ 18} In order to recover on a negligence claim, a plaintiff must prove (1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, and (3) that the breach of the duty proximately caused the plaintiff's injury. Chambers v. St. Mary's School
(1998), 82 Ohio St.3d 563, 565.
 {¶ 19} In Flint v. Cleveland Clinic Found. (May 30, 2002), Cuyahoga App. Nos. 80177 and 80478, this court recently set forth the duty owed to a business invitee in regard to the removal of snow and ice from the premises, as follows:
 {¶ 20} "The general rule in Ohio is that an owner or occupier of land ordinarily owes no duty to business invitees to remove natural accumulations of ice and snow from the sidewalks on the premises, or to warn the invitees of the, danger associated with natural accumulations of ice and snow. Brinkman v. Ross, 68 Ohio St.3d 82, 83, 1993 Ohio 72,623 N.E.2d 1175; Debie v. Cochran Pharmacy-Berwick, Inc. (1967),11 Ohio St.2d 38, 227 N.E.2d 603. The underlying rationale is that "everyone is presumed to appreciate the risk associated with natural accumulations of ice and snow and therefore, everyone is responsible to protect himself or herself against the inherent risks presented by natural accumulations of ice and snow." Brinkman, supra at 84.
 {¶ 21} "Liability may attach, however, if the owner or occupier negligently causes or permits an unnatural accumulation of ice or snow.Lopatkovich v. City of Tiffin (1986), 28 Ohio St.3d 204, 207,503 N.E.2d 154. An "unnatural" accumulation of snow and ice is one that has been created by causes and factors other than meteorological forces of nature such as the inclement weather conditions of low temperature, strong winds and drifting snow. Porter v. Miller (1983), 13 Ohio App.3d 93,95, 468 N.E.2d 134."
 {¶ 22} Porter further defined an unnatural accumulation of snow as manmade or man-caused, excluding extremely severe snow storms or bitterly cold temperatures which do not constitute an unnatural phenomena."Porter at 95. Further, Porter found that "since the build-up of snow and ice during winter is regarded as a natural phenomenon, the law requires, at the very least, some evidence of an intervening act by the landlord (or a property owner) that perpetuates or aggravates the pre-existing, hazardous presence of ice and snow." Porter at 95.
 {¶ 23} In the instant case, the appellant failed to set forth evidence that this particular patch of snow was an unnatural accumulation of snow or ice. While Jones testified that sometimes his plow pushed snow onto the sidewalk, there is no evidence that it occurred with regard to this patch. Jones stated that normally the plow did not push snow onto the sidewalk. In fact, according to Evans' testimony, the sidewalk was otherwise clear of snow or ice except for this patch, which he did not see. Jones testified that it had not snowed for four to five days prior to Evan's fall and that he plowed when the snow reached approximately two inches deep.[2] There is no evidence that appellee, or its agent, created the patch of snow on the sidewalk by plowing. See Young v.Ameritrust Company (Aug. 17, 1995), Cuyahoga App. No. 68618.
 {¶ 24} In Mitchell v. Parkridge Apartments, Ltd., Cuyahoga App. No. 81046, 2002-Ohio-5357, this court stated: "Under Ohio law, ice and snow are a natural part of wintertime in Ohio as is the freezing and refreezing of ice and snow. However, an owner or occupier of business premises may be liable for the unnatural accumulations of ice and snow where there is evidence of an intervening act by the landlord/owner which perpetuates or aggravates the pre-existing, hazardous presence of ice and snow." Id. at ¶ 13.
 {¶ 25} Accordingly, we find that there is no genuine issue of material fact that appellee created an unnatural accumulation of snow and thus, we overrule appellants' first assignment of error. Appellants' second assignment of error is as follows:
 {¶ 26} II. "The trial court erred in denying Plaintiff-Appellants [sic] motion for relief from judgment and for reconsideration (Doc. Entry Nos. 56 [sic])."
 {¶ 27} In this assignment of error, appellants argue that because of the arbitration award the trial court had conclusive new evidence that there were genuine issues of material fact and that the trial court should have granted their motion for relief from judgment.
 {¶ 28} Appellants fail to cite any authority, and we find none, wherein an arbitration award is considered new evidence under Civ. R. 60(B) for the purposes of creating a genuine issue of material fact under Civ. R. 56. "A motion for relief from judgment under Civ. R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122
(citations omitted); see also Koback v. Tri-Arch, Inc. (Oct. 10, 2002), Cuyahoga App. Nos. 80152 and 81471. We find that the trial court did not abuse its discretion when it denied appellants' motion for relief from judgment.
 {¶ 29} In regard to appellants' motion for reconsideration of the grant of summary judgment, we apply a de novo standard of review. Dunnv. North Star Resources, Inc., Cuyahoga App. No. 79455, 2002-Ohio-4570, at ¶ 10. Thus, we "afford no deference to the trial court's decision and independently review the record in the light most favorable to the nonmovant to determine whether summary judgment is appropriate." Id. In light of our analysis above, we find that the trial court did not err when it denied appellants' motion for reconsideration.
 {¶ 30} Accordingly, we overrule appellants' second assignment of error.
Judgment is affirmed.
ANNE L. KILBANE, P.J., AND FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] Appellee filed a third-party complaint against Michael Jones dba Quality Irrigation ("Jones"), the independent contractor who provided snow removal services for appellee. Appellee later voluntarily dismissed Jones without prejudice. Thereafter, appellants amended their complaint to name Jones as a party, alleging that he negligently pushed the snow onto the sidewalk with his snowplow. Appellants later voluntarily dismissed Jones from the lawsuit without prejudice.
[2] Although appellant often refers in his brief to a climatological report regarding the snowfall, appellant failed to attach this to his brief in opposition to the motion for summary judgment and it is not before this court on appeal.