{¶ 13} I respectfully dissent. Under the circumstances presented here, a genuine issue of material fact exists in two respects.
 {¶ 14} "Where an owner in control of a business parking area has notice, actual or constructive, that a natural accumulation of snow thereon has, by reason of covering a hole in the surface thereof, created a condition substantially more dangerous to a business invitee than that normally associated with snow, such owner's failure to correct the condition constitutes actionable negligence." Mikula v. Slavin Tailors
(1970), 24 Ohio St.2d 48, paragraph five of the syllabus. The rationale set forth in Mikula is applicable in the instant matter. Here, viewing the evidence in a light most favorable to appellant, appellee failed to properly maintain its parking lot. As a result, potholes formed throughout the parking area. While the majority correctly states that melted snow which later refreezes is still a natural accumulation, the cases forming such a rule of law are distinguishable. Under the facts alleged by appellant, the melting snow accumulated as a result of the negligence of appellee. That is to say, the ice would not have naturally accumulated in the area in which it did, but for the negligent maintenance of the parking lot. The Ohio Supreme Court has indicated in such situations, that depressions in surfaces caused by improper maintenance promote the unnatural accumulation of ice puddles. Lopatkovich v. Tiffin (1986),28 Ohio St.3d 204, 208. Further, this Court has held that the accumulation in a depression is a natural accumulation if the depressions are "insubstantial defects on a premises which are commonly encountered, are to be expected and which are not unreasonably dangerous." GoodwillIndustries v. Sutcliffe (Sept. 13, 2000), 9th Dist. No. 19972. Here, the affidavit submitted by the appellant asserts that the defects in the parking lot were substantial. As such, at a minimum, the facts here create a genuine issue of material fact as to whether the ice accumulation in the pothole was a natural accumulation.
 {¶ 15} Additionally, "where it is shown that the owner had superior knowledge of the particular danger which caused the injury [,] * * * liability attaches, because in such a case the invitee may not reasonably be expected to protect himself from a risk he cannot fully appreciate."LaCourse v. Fleitz (1986), 28 Ohio St.3d 209, 210. The evidence presented below in the form of affidavits shows that appellee was informed on repeated occasions that the snow and ice in the parking lot was not being properly removed. This Court has previously held that "inferential innuendo" is insufficient to establish superior knowledge of the conditions causing a fall. Klein v. Ryan's Family Steak House, 9th Dist. No. 20683, 2002-Ohio-2323, at ¶ 19. Here, however, appellant has provided a sworn statement that appellee was informed of the inadequate removal of snow and ice. Therefore, at a minimum, a question of fact exists at to whether appellee had superior knowledge of the dangerous conditions.
 {¶ 16} Under the rationale set forth by the majority, it seems that no set of facts exist which could survive a motion for summary judgment. If melted snow pooled as a result of the alleged negligence of appellee and the substantial defects in the parking lot do not create an issue of fact over whether accumulation is natural or unnatural, then it is unlikely that a plaintiff will ever be able to demonstrate that the accumulation of ice is unnatural. Accordingly, I would reverse the court's grant of summary judgment in appellee's favor.