JOURNAL ENTRY and OPINION
{¶ 1} Plaintiffs-appellants Lois and Jackson Dunbar appeal the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I. {¶ 2} According to the case, appellants filed a complaint against appellees on March 22, 2004. Both appellees filed answers in a timely manner. On September 14, 2004, appellee Ken Minardo, dba Minardo's Landscaping and Snowplowing, filed his motion for summary judgment. Appellee Denny's, Inc. filed its motion for summary judgment on September 23, 2004. Appellants filed their brief in opposition to the disposition motions of both appellees on January 7, 2005.
 {¶ 3} On January 14, 2005, Minardo filed a motion for leave instanter to file a reply brief and a motion to strike the affidavit of Robert Rasmussen, which were attached to appellants' brief in opposition. Denny's filed a similar motion to strike on January 19, 2005. On February 2, 2005, the trial court granted Minardo's motion for leave instanter to file a reply brief. The trial court then granted the appellees' respective motions for summary judgment on April 20, 2005.
 {¶ 4} According to the facts, plaintiffs-appellants drove to defendant-appellee Denny's Restaurant at 6702 Wilson Mills Road, Highland Heights, Ohio. At the time of the incident, Mr. Dunbar was 83 years old and Mrs. Dunbar was 80. It had snowed earlier in the day. Mrs. Dunbar attended a seminar with her granddaughter and noticed at lunch that it was snowing. When she left the seminar at 5:00 p.m., it had finished snowing and there was no additional snow before this incident occurred.[1]
 {¶ 5} The incident report prepared by Denny's shows that the incident occurred at 7:10 p.m., approximately two hours after it stopped snowing. Mr. and Mrs. Dunbar drove to the restaurant on March 22, 2002. They parked in a handicapped spot across the parking lot from the only entrance to Denny's Restaurant. There is a handicapped entrance ramp. Mr. and Mrs. Dunbar were holding on to each other's arms, and as they approached the handicap walkway, they noticed a pile of snow in the way. This was described as about six inches high and eight to ten inches wide. There was enough of a mound that Mrs. Dunbar had to make an effort to step over it.
 {¶ 6} They both tried to step over the snow pile at approximately the same time. Mrs. Dunbar placed her right foot over the pile first and then suddenly fell, bumped into her husband, and knocked him to the ground. Mr. Dunbar fell on top of his wife.
 {¶ 7} Appellants now appeal the trial court's decision.
 II. {¶ 8} Appellant's first assignment of error states the following: "The trial court committed reversible error by granting defendant/appellee Denny's Inc.'s motion for summary judgment when the evidence established a disputed genuine issue of material fact regarding whether appellee Denny's was negligent in creating and/or permitting a dangerous condition when it had notice that the natural accumulation of ice and snow had been altered so as to create an unnatural mound of snow in front of its handicap ramp entrance."
 {¶ 9} Appellant's second assignment of error states the following: "The trial court committed reversible error by granting defendant/appellee Ken Minardo dba Minardo's Landscaping and Snowplowing's motion for summary judgment when the evidence established a disputed genuine issue of material fact regarding whether appellee Minardo was negligent in creating a dangerous condition when he altered the natural accumulation of ice and snow by plowing the parking lot so as to create an unnatural mound of snow in front of the restaurant handicap ramp entrance."
 III. {¶ 10} Civ.R. 56 provides that summary judgment may be granted only after the trial court determines: (1) no genuine issues as to any material fact remain to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Norris v.Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1; Temple v. WeanUnited, Inc. (1977), 50 Ohio St.2d 317.
 {¶ 11} The open-and-obvious doctrine states that a premises owner owes no duty to persons entering those premises regarding dangers that are open and obvious. The rationale underlying this doctrine is that the open-and-obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves. A shopkeeper ordinarily owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers. When applicable, however, the open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims. Armstrong v. Best Buy Co.,99 Ohio St.3d 79, 2003-Ohio-2573.
 {¶ 12} The owner or occupier of the premises is not an insurer of the safety of those traversing the premises. Thus, a property owner is under no duty to protect business invitees from hazards which are so obvious and apparent that the invitees are reasonably expected to discover and protect against themselves.Paschal v. Rite Aid Pharmacy (1985), 18 Ohio St.3d 203.
 {¶ 13} To establish liability based upon negligent plowing in a commercial lot, an appellant must prove that negligent plowing created or aggravated a hazardous condition. Smith v. FraternalOrder of Eagles (1987), 39 Ohio App.3d 97, 98. Persons who plow or shovel snow are not negligent merely because ice remains after snow is cleared. Davis v. The Timbers Owners' Assoc. (Jan. 21, 2000), Hamilton App. No. C-990409. "`[A]fter snow is removed from the surface of the parking lot, it must be disposed of. Snow must be placed somewhere.' Accordingly, * * * in order to show that ice and/or snow was cleared negligently, a plaintiff must present evidence that `the risk of injury was substantially increased' from the risk normally associated with those conditions that create accumulations of ice and snow in the winter in Ohio."Zamano v. Hammerschmidt, Inc., Huron App. No. H-02-031, 2003-Ohio-1618 (citing Hoenigman v. McDonald's Corp. (Jan. 11, 1990), Cuyahoga App. No. 56010.)
 {¶ 14} When snow and ice are piled up by plowing or shoveling and then thaw and refreeze, the resulting ice is a natural accumulation. Lopatkovich v. Tiffin (1986), 28 Ohio St.3d 204,208.
 {¶ 15} Appellants admitted to observing the ice, snow and slush before they decided to walk through it.[2] Mr. Dunbar testified that on the day of the incident, he was aware of the temperature fluctuation and that it caused melting and, by 5:00 p.m., refreezing.[3] Mrs. Dunbar did not notice any clear "black ice" in the area.[4] The only snow and ice in the area where the Dunbars fell was the ridge of snow and ice at the curb, of which both appellants had knowledge prior to their fall. Id.
 {¶ 16} The evidence in the record demonstrates that appellants were well aware of the snow and ice at the curb prior to the fall. The location, condition and size of the parking barrier and the ice and snow in this case were obvious and apparent enough that it was reasonable for appellees to expect appellants to notice the barrier and its surroundings and protect themselves accordingly.
 {¶ 17} Appellants testified that they were aware of the ice and snow that accumulated at the curb near the entrance of the restaurant, they had been to the restaurant on numerous occasions and were aware of the layout of the parking lot, curb, handicap access ramp and entranceway, they have lived in northeastern Ohio for over 50 years, and they are aware of the freeze and thaw cycle associated with ice and snow.
 {¶ 18} We find the evidence in the record shows the trial court did not err in granting Minardo's motion for summary judgment. The evidence failed to establish a disputed genuine issue of material fact. We find the court's decisions regarding summary judgment to be proper.
 {¶ 19} Accordingly, appellants' second assignment of error is overruled.
 {¶ 20} As defendant-appellee Denny's, Inc. was dismissed from this case, appellants' first assignment of error is moot.
 {¶ 21} The lower court's decision is affirmed.
It is ordered that appellees recover of appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, P.J., and Kilbane, J., Concur.
[1] Lois Dunbar depo. at pp. 18-19.
[2] See Mrs. Dunbar's depo., at pp. 29-32, and Mr. Dunbar's depo., at pp. 29-30, 75.
[3] Mr. Dunbar's depo., pp. 68-69.
[4] Mrs. Dubar's depo., p. 36.