JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} This appeal involves the trial court's decision that granted defendant-appellee, Penny Moore's ("Moore"), motion for summary judgment on plaintiff-appellant, Cleveland Durham's ("Durham"), claims relating to injuries sustained from his slip and fall on Moore's property. For the reasons that follow, we affirm.
 {¶ 2} Durham had previously been married to, and lived with, Moore but they divorced and Durham moved out sometime in the 1990's. Durham had lived in Moore's house for approximately 20 years.
 {¶ 3} Durham poured all the concrete for the patio and driveway at Moore's house and lived there after doing so for about 15 years. While he claims a "low spot" developed from the settling concrete sometime after he stopped residing there, he returned to the house, by his own estimation, about 40 times after moving out of it.
 {¶ 4} On December 17, 2003, Durham was doing work at Moore's house when he slipped and fell on the driveway. It was not snowing when he entered the house. He saw the whole patio and driveway when he went inside the house. Durham said that nothing was obstructing his view of it and the sun was not in his eyes. While he was inside of the house, "it had snowed and the temperature had fell [sic]." When he went outside, he saw on the ground a "thin coat of snow that had rain, sleet, like, [sic] and it froze." Durham testified during his deposition:
 {¶ 5} "Q: It was dry when you went in?
 {¶ 6} "A: Yes. *Page 4 
 {¶ 7} "Q: And you slipped on the snow?
 {¶ 8} "A: I slipped on what fell while I was in there working. And not thinking about what was there before, `cause I know it wasn't there, wasn't really aware.
 {¶ 9} "Q: And you believe it was a natural accumulation of snow, that it hadn't been moved at all?
 {¶ 10} "A: Accumulation of snow that hadn't been moved. It had to be there, it wasn't moved because it was there.
 {¶ 11} "* * *
 {¶ 12} "Q: But your testimony is; there was no snow on the driveway when you went in?
 {¶ 13} "A: No.
 {¶ 14} "Q: Okay. And in between the time you went in and came out, no one plowed the driveway or shoveled, did they?
 {¶ 15} "A: No.
 {¶ 16} "Q: So it was a natural accumulation of snow on the ground?
 {¶ 17} "A: All snow is natural, ain't it?"
 {¶ 18} Durham was questioned about the presence of a hose on the driveway, to which he responded, "I don't know if that hose was there or not, because it was cold. It probably was rolled up over there." Durham stated that the gutters were all "tied in" and could not have created the ice that he fell on. Durham confirmed that "there was nothing out [there] that would create any kind of water." According to *Page 5 
Durham, "that water [came] from the sky." Even when defense counsel asked "it looks to me like this hose here is creating some kind of water that may be forming this puddle," Durham said, "[t]hat hose don't be there in the wintertime, and this hose. And it was wintertime."
 {¶ 19} Again defense counsel asked Durham if he thought that the ice he fell on came from water out of the hose and Durham said "no." Durham continued to testify:
 {¶ 20} "Q: How do you think that water got there?
 {¶ 21} "A: From the snow."
 {¶ 22} "* * *
 {¶ 23} "Q: So as far as you know, on the day you slipped and fell, the hose was not there, right?
 {¶ 24} "A: It was not there.
 {¶ 25} Q: There is nothing causing any kind of water to run in this area, right?
 {¶ 26} "A: No."
 {¶ 27} The trial court granted Moore's motion for summary judgment. It is from this judgment that Durham now appeals and raises a sole assignment of error for our review.
 {¶ 28} "I. The trial court erred and abused its discretion in granting summary judgment against plaintiff/appellant." *Page 6 
 {¶ 29} We review an appeal from summary judgment under a de novo standard of review.[1] Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.[2] Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can reach only one conclusion, which is adverse to the non-moving party.[3]
 {¶ 30} The moving party carries an initial burden of setting forth specific facts which demonstrate his or her entitlement to summary judgment.[4] If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will be appropriate only if the non-movant fails to establish the existence of a genuine issue of material fact.[5]
 {¶ 31} "A homeowner has no common-law duty to remove or make less hazardous a natural accumulation of ice and snow on private sidewalks or walkways on the homeowner's premises, or to warn those who enter upon the premises of the *Page 7 
inherent dangers presented by natural accumulations of ice and snow."Brinkman v. Ross (1993), 68 Ohio St.3d 82, syllabus.
 {¶ 32} "Notwithstanding the general rule, liability may attach if the owner or occupier negligently causes or permits an unnatural accumulation of ice or snow. Lopatkovich v. City of Tiffin (1986),28 Ohio St.3d 204, 28 Ohio B. 290, 503 N.E.2d 154. An `unnatural' accumulation of snow and ice is one that has been created by causes and factors other than meteorological forces of nature, such as the inclement weather conditions of low temperature, strong winds, and drifting snow. Porter v. Miller (1983), 13 Ohio App.3d 93,13 Ohio B. 110, 468 N.E.2d 134. By definition, `unnatural' is man-made. Id. `[S]ince the build-up of snow and ice during winter is regarded as a natural phenomenon, the law requires, at the very least, some evidence of an intervening act by the landlord (or a property owner) that perpetuates or aggravates the pre-existing, hazardous presence of ice and snow. Id.'" Snider v. McTigue, Cuyahoga App. No. 89092,2007-Ohio-5065, ¶ 10.
 {¶ 33} Durham contends that the evidence supports a conclusion that an unnatural accumulation of snow and ice occurred in the driveway due to a hose that was allegedly leaking into a "depression in the cement." Durham believes his deposition testimony supports this conclusion but he does not cite to any particular portion of it. Conversely, Moore satisfied her initial Civ.R. 56 burden by citing to various portions of Durham's deposition testimony that left no genuine issue of *Page 8 
material fact such that reasonable minds could only conclude that Durham fell on a natural accumulation of snow and ice.
 {¶ 34} Durham's deposition testimony indicates that the snow and ice where he fell was a natural accumulation. In particular, Durham consistently testified that the hose was not there on the day that he fell. He testified that the ice that he fell on was formed from water (i.e., snow) that fell from the sky. The snow and/or ice where he fell was not moved or shoveled and was a natural accumulation.
 {¶ 35} In response, Durham did not cite to any portion of the record that would create a genuine issue of material fact. Durham did submit an affidavit in support of his motion for summary judgment and after his deposition testimony. In direct contradiction to his deposition testimony, Durham maintained in his affidavit that the hose was present, leaking, and created an unnatural accumulation of ice that caused him to fall. The Ohio Supreme Court has held "that an affidavit of a party opposing summary judgment that contradicts former deposition testimony of that party may not, without sufficient explanation, create a genuine issue of material fact to defeat a motion for summary judgment."Byrd v. Smith, 110 Ohio St.3d 24, 2006-Ohio-3455, paragraph 3 of the syllabus. Although Durham attempted to explain the discrepancy, defense counsel extensively cross-examined him during the deposition about the presence of the hose depicted in the photographs. Durham repeatedly said the hose was not there the day he fell and that the ice/water had accumulated from the snow. *Page 9 
 {¶ 36} Accordingly, the trial court did not err by granting Moore's motion for summary judgment because reasonable minds could only conclude that Durham fell on a natural accumulation of snow and ice. Our resolution of this issue renders the remaining issues raised under this error moot.
 {¶ 37} Durham's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, J., and MELODY J. STEWART, J., CONCUR.
[1] Baiko v. Mays (2000), 140 Ohio App.3d 1, citing Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35; Northeast Ohio Apt. Assn.v. Cuyahoga Cty. Bd. of Commrs. (1997), 121 Ohio App.3d 188.
[2] Id. at 192, citing Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704.
[3] Temple v. Wean United, Inc. (1997), 50 Ohio St.2d 317, 327.
[4] Dresher v. Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107.
[5] Id. at 293.

 *Page 1