[Cite as *Duell v. Cincinnati*, 2018-Ohio-4400.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| MARY K. DUELL, | : | APPEAL NO. C-180062 |
| | | TRIAL NO. A-1700393 |
| Plaintiff-Appellant, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| CITY OF CINCINNATI, | : | |
| GLOBAL SPECTRUM, LP, | : | |
| HART PRODUCTIONS, INC., | : | |
| CIM GROUP, | : | |
| UPP CINCINNATI ELM, LLC, | : | |
| UPP CINCINNATI PLUM, LLC, | : | |
| CENTRAL PARKING SYSTEMS, INC., | : | |
| STANDARD PARKING SYSTEMS, INC., | : | |
| SP PLUS CORPORATION, | : | |
| and | : | |
| LAZ PARKING MIDWEST, LLC, | : | |
| Defendants-Appellees. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  October 31, 2018

*Loeb, Vollman & Friedmann* and *Mark C. Vollman*, for Plaintiff-Appellant,

*Seeley, Savidge, Ebert & Gourash Co., LPA*, *Jeffrey M. Elzeer*, *Paula Boggs Muething*, City Solicitor, *Emily W. Woerner*, Assistant City Solicitor, *Molly Vance*, *Reminger Co., LPA*, *Robert W. Hojnoski*, *Rendigs, Frye, Kiely & Dennis, LLP*, *John*

*F. McLaughlin, W. Jonathan Sweeten, JANIK, LLP, Steven Janik,* and *Audrey K. Bentz* for Defendants-Appellees.



**MILLER, Judge.**

{¶1}   Plaintiff-appellant Mary Duell slipped and fell on a slushy staircase after exiting from the second floor of the Duke Energy Convention Center on a wintry afternoon.  Duell filed a complaint alleging that defendants-appellees negligently maintained the staircase and are therefore liable for her injuries.  After completing discovery, defendants-appellees filed a joint motion for summary judgment, which was granted.

{¶2}   In a single assignment of error, Duell argues that the trial court erred in granting summary judgment in favor of defendants-appellees.  Specifically, Duell complains that there is a genuine issue of material fact regarding whether defendants-appellees were contractually obligated, via a lease agreement between the owners of the convention center and an adjoining parking garage, to maintain the staircase where Duell slipped and fell, and if so, whether the contract created an actionable claim for her.  We hold that it did not, and affirm.

{¶3}   The grant of summary judgment is reviewed de novo.  *Daniels v. Verai Ent., Inc.*, 1st Dist. Hamilton No. C-110440, 2012-Ohio-2264, ¶ 9.  "Summary judgment is appropriate for the defendants if (1) there is no genuine issue of material fact; (2) reasonable minds can come to but one conclusion and that conclusion is adverse to the plaintiff; and 3) the defendants are entitled to judgment as a matter of law."  *Id.*; *see* Civ.R. 56(C).

{¶4}   Duell alleges negligence.  In order to prevail, she must show that (1) defendants-appellees owed her a duty of care; (2) they breached that duty; and (3) the breach proximately caused her injury.  *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, 909 N.E.2d 120, ¶ 10.  Duell argues that a tort duty was imposed upon defendants-appellees via a provision of their lease agreement.

Defendants-appellees argue that Duell cannot proceed on this argument because she did not plead a breach-of-contract or third-party beneficiary claim in her complaint. However, she advanced this argument in her memorandum in opposition to the motion for summary judgment. Defendants-appellees did not argue below that Duell was advancing an unasserted claim. Accordingly, this issue is properly before us.

{¶5} Duell's negligence action involves the law of premises liability, which means "the applicable duty is determined by the relationship between the premises owner or occupier and the injured party." (Internal citations omitted.) *Daniels* at ¶ 10. It is undisputed that Duell was a business invitee and defendants-appellees were owners of the premises. Accordingly, defendants-appellees owed Duell a duty of ordinary care to maintain the premises in a reasonably safe condition and to warn her of latent or hidden dangers. *See Armstrong v. Best Buy Co.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 5. "The duty of care owed by a business owner includes providing a reasonably safe ingress and egress for business invitees." *Schirmann v. Arena Mgt. Holdings, LLC*, 1st Dist. Hamilton No. C-170574, 2018-Ohio-3349, ¶ 17. This duty does not extend to dangers that " 'are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them.' " *Id.* at ¶ 18, quoting *Sidle v. Humphrey*, 13 Ohio St.2d 45, 233 N.E.2d 589 (1968), paragraph one of the syllabus.

{¶6} A business owner has no duty to remove natural accumulations of ice and snow from private walkways on the premises, or to warn of the dangers associated with such natural accumulations—a duty often referred to as the "no-duty winter rule." *Id.*, citing *Brinkman v. Ross*, 68 Ohio St.3d 82, 83, 623 N.E.2d 1175 (1993), and *Bowen v. Columbus Airport Ltd. Partnership*, 10th Dist. Franklin No.

07AP-108, 2008-Ohio-763, ¶ 10. This rule is well-established in Ohio. *See id.* The no-duty winter rule does not apply where the business owner is negligent in permitting or creating an unnatural accumulation of ice or snow, or where the business owner has actual or implied notice that the accumulation on the property created a condition substantially more dangerous than the business invitee should have anticipated. *Id.* at ¶ 20; *Bowen* at ¶ 12-13.

{¶7} Duell alleges, without citations to any authority, that the lease agreement between defendants-appellees—requiring them to maintain the steps where Duell fell and to comply with all local laws and ordinances, including sections of the Cincinnati Municipal Code regarding the removal of snow and ice—imposed a greater duty to her than that imposed by Ohio premises-liability law. Duell asserts that the accumulation of slush on the staircase demonstrates that the steps were not maintained and the Cincinnati Municipal Code was not followed. Thus, she contends that the lease created a tort duty even where not imposed by law. We disagree.

{¶8} A lease that contractually allocates maintenance responsibilities between business owners and requires general compliance with municipal ordinances does not create a duty to a business invitee greater than that established under the common law for actionable negligence due to the natural accumulation of ice and snow. Duell's attempt to distinguish her case from the Ohio Supreme Court's holding in *Lopatkovich v. City of Tiffin*, 28 Ohio St.3d 204, 503 N.E.2d 154 (1986), is unpersuasive. In *Lopatkovich*, the plaintiff slipped and fell on an icy sidewalk and brought a negligence action against the city and the business adjacent to where she fell. The plaintiff alleged, in part, that the business owner and the city failed to maintain the sidewalk in accordance with an ordinance requiring sidewalks to be kept free of snow and ice. *Id.* The Ohio Supreme Court disagreed, explaining that

5

"the duty imposed by [municipal snow and ice removal] statutes is most likely a duty to assist the city in its responsibility to remove snow and ice from public sidewalks." *Id.* at 207. "This, however, does not raise a duty on owners and occupiers to the public at large, and such statutes should not, as a matter of public policy, be used to impose potential liability on owners and occupiers who have abutting public sidewalks." *Id.*; *see Brinkman*, 68 Ohio St.3d at 85, 623 N.E.2d 1175.

{¶9} While the facts of Duell's case are somewhat different in that there is a lease agreement between the business owners regarding the premises, the lease agreement does not relieve Duell's case from the underlying holding of *Lopatkovich*: that municipal codes requiring business owners to keep abutting sidewalks free from snow and ice do not create a duty to the public at large. The defendants-appellees' lease agreement merely allocates among business owners the legal responsibility for the maintenance and repair of pedestrian walkways and compliance with the municipal code. It does not affirmatively create a duty to the pedestrian public greater than that established under the municipal code or common law. Therefore, there was no genuine issue of material fact with regard to whether defendants-appellees contractually owed Duell a duty of care, and summary judgment in favor of defendants-appellees was proper. Accordingly, we need not address defendants-appellees' cross-assignment of error. We overrule Duell's single assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**CUNNINGHAM, P.J.,** and **ZAYAS, J.,** concur.

Please note:

    The court has recorded its own entry on the date of the release of this opinion.