SMITH, APPELLANT, *v.* FRATERNAL ORDER OF EAGLES, APPELLEE.

(No. 13156—Decided December 23, 1987.)

*Ted Chuparkoff,* for appellant.
*Edward H. Corbett,* for appellee.

QUILLIN, P.J. The question presented by this appeal is whether a landowner who attempts to remove a natural accumulation of ice and snow and thereby causes a condition more dangerous than before the attempted removal is protected by the general rule that a landowner has no duty to remove a natural accumulation of ice and snow. We hold the landowner is not so protected and therefore reverse the judgment of the trial court which granted a directed verdict for the landowner at the close of the plaintiff's case.

At just after noon on December 24, 1985, plaintiff, Linda Smith, and Donald Edman entered the parking lot of the Fraternal Order of Eagles ("Eagles Club"), a private club located on Arlington Road in Akron. Because of a snow fall, the lot had been plowed. Smith and Edman walked up an incline to reach the sidewalk which passed directly in front of the building. After spending about an hour in the club, Smith and Edman took the same route back to their car. On her way down the incline, Smith slipped and fell and was injured. Smith brought suit alleging that the Eagles Club was negligent in not providing a safe means of egress from the parking lot, and in maintaining a nuisance (the incline). After Smith presented her case, the trial court granted the Eagles Club's motion for a directed verdict. Smith appeals.

Assignment of Error I

"The trial court committed reversible error in taking the plaintiff-appellant's case away from the jury and granting judgment to defendant-appellee when the evidence submitted by plaintiff-appellant established a jury question whether or not the defendant-appellee had been negligent in creating a dangerous condition when it altered the natural accumulation of snow and ice, by plowing, in its parking lot maintained for the benefit of its private club members, making said parking lot more treacherous for its members and invitees."

The general rule in Ohio, with certain exceptions not pertinent here, is that a landowner or occupier has no duty to a business invitee to remove natural accumulations of ice and snow. *LaCourse* v. *Fleitz* (1986), 28 Ohio St. 3d 209, 28 OBR 294, 503 N.E. 2d 159; *Lopatkovich* v. *Tiffin* (1986), 28 Ohio St. 3d 204, 28 OBR 290, 503 N.E. 2d 154; *Jeswald* v. *Hutt* (1968), 15 Ohio

St. 2d 224, 44 O.O. 2d 196, 239 N.E. 2d 37; *Sidle* v. *Humphrey* (1968), 13 Ohio St. 2d 45, 42 O.O. 2d 96, 233 N.E. 2d 589; *Debie* v. *Cochran Pharmacy-Berwick, Inc.* (1967), 11 Ohio St. 2d 38, 40 O.O. 2d 52, 227 N.E. 2d 603. However, having undertaken to remove ice and snow, the landowner or occupier has a duty to use ordinary care not to create a hazard or to aggravate an existing hazard. *Porter* v. *Miller* (1983), 13 Ohio App. 3d 93, 13 OBR 110, 468 N.E. 2d 134; *Kinkey* v. *Jewish Hospital Assn.* (1968), 16 Ohio App. 2d 93, 45 O.O. 2d 267, 242 N.E. 2d 352. The Supreme Court in *Lopatkovich, supra,* while applying the general no-duty rule, said "a different matter arises when an abutting owner or occupier is actively negligent in permitting and/or creating a dangerous or unnatural accumulation of snow and ice." *Id.* at 207, 28 OBR at 293, 503 N.E. 2d at 157.

Because we are reviewing a directed verdict judgment, the evidence must be construed most strongly in favor of plaintiff, against whom the judgment was granted. Civ. R. 50(A)(4). There was uncontroverted evidence before the jury that the plowing of the snow created a more treacherous condition than before. It was for the jury to determine if this was true and, if so, did it result from the negligence of the defendant. Therefore, the trial court erred in directing a verdict for the Eagles Club.

The assignment of error is sustained.

### Assignments of Error

"II. The trial court committed reversible error in taking the plaintiff-appellant's case away from the jury and granting judgment to defendant-appellee when the evidence submitted by plaintiff-appellant established a jury question whether or not the defendant-appellee had allowed a nuisance to exist in its parking lot when it permitted a dangerous incline leading from the sidewalk to the flat area of the parking lot to exist when it knew, or should have known, that it created a danger to its club members and patrons.

"III. The trial court committed reversible error in taking the plaintiff-appellant's case away from the jury and granting judgment to defendant-appellee when the evidence submitted by plaintiff-appellant established a jury question whether or not the defendant had been negligent in failing to provide club members and patrons the use of a side door which exits to the parking lot, which would eliminate members and patrons from exposing themselves to the danger caused by the incline from the sidewalk to the parking lot, when said side door was, in fact, available for use."

Smith refers this court to no authority which would support her theories of recovery under either of these assignments of error. The assignments of error are overruled.

Because of our disposition of Smith's first assignment of error, we reverse and remand for further proceedings.

*Judgment reversed*
*and cause remanded.*

GEORGE, J., concurs.

BAIRD, J., dissents.

BAIRD, J., dissenting. There is no evidence that the material on the surface where plaintiff fell was anything other than something nature had caused to be there. There is no evidence regarding who removed the snow, when it was removed, or what the condition of the area was immediately upon its removal. Though there was ample evidence that plaintiff knew of the condition of the area at the time she fell, there is no evidence that

the defendant knew of such condition.

The evidence that the plowed area was, at the time plaintiff fell, more slippery than the unplowed area is, in my opinion, insufficient to establish that the owner negligently plowed. A rule of law which has the effect of encouraging doing nothing in response to snow is, I believe, in furtherance of undesirable public policy.