OPINION
Plaintiff-appellant David Tolloti appeals the February 22, 2000 Judgment Entry of the Stark County Court of Common Pleas which granted defendants-appellees Dr. John Tarzan and Sheila Tarzan's Motion for Summary Judgment.
 STATEMENT OF THE CASE AND FACTS
Appellant was a tenant in an apartment building owned by appellees Dr. John Tarzan and Sheila Tarzan. The complex provides fifteen parking spaces in an outdoor carport. Appellant was assigned to parking space No. 2. Appellant normally backed his car into the carport space. In January 31, 1999, appellant was injured when he slipped on snow and ice near the back of his car.
Dr. Tarzan provides his own snow removal. Generally, he plowed the snow from the parking area into and through the carport. The area behind the carport was a grassy strip approximately ten feet deep. As a result of the plowing, there was a mound of snow on the grassy area behind the carport.
On the afternoon of January 31, 1999, appellant observed a pile of ice behind his car approximately one foot high at its lowest point, on the grassy strip behind the carport. Appellant testified in his deposition it was normal for snow to remain in this location because "the sun doesn't get to it." Tolloti Depo. at 27. Appellant admitted he knew the ice was slippery and that he had seen the ice earlier in the day.
At approximately 10:00 p.m., appellant left his house to drive to work. Before leaving, appellant decided to add oil to his car. The oil was stored in the trunk of his car. Because his car was backed into the space, he needed to walk behind the car to access the trunk. Appellant testified he stood on the foot high mound of snow and ice directly behind his car to open his trunk. He removed the oil, shut the trunk, but then lost his balance and fell off the mound of ice. Appellant was injured as a result of this fall.
On June 22, 1999, appellant filed a complaint in the Stark County Court of Common Pleas. The complaint alleged appellees were negligent in creating an unnatural accumulation of ice and snow in the carport. On January 24, 2000, appellees filed their Motion for Summary Judgment. On February 2, 2000, appellant filed his Brief in Opposition to Summary Judgment. The trial court held an oral hearing on the motion on February 17, 2000.
In a February 22, 2000 Judgment Entry, the trial court granted appellees' motion for summary judgment. It is from this judgment appellant prosecutes his appeal assigning the following as error:
 I. THE COURT OF COMMON PLEAS' ENTRY OF SUMMARY JUDGMENT IS INAPPROPRIATE AS A MATTER OF LAW. SEE J. ENTRY AT 4-5 (ASSESSING THE DEFENDANT'S AFFIRMATIVE DEFENSE OF "ASSUMPTION OF RISK" IN A MANNER INCONSISTENT WITH R.C. 2315.19(A)(2)).
 II. THE COURT OF COMMON PLEAS ERRED IN THAT A GENUINE ISSUE OF MATERIAL FACT EXISTS THAT WOULD PRECLUDE THE GRANTING OF SUMMARY JUDGMENT. SEE, J. ENTRY AT 4-5 (FINDING THE CONTRARY).
 STANDARD OF REVIEW
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35, 36. Civ.R. 56(C) states, in pertinent part:
 Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . .A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280.
It is based upon this standard we review appellant's assignment of error.
 I
In appellant's first assignment of error, he maintains the trial court impermissibly disposed of his claim under the doctrine of primary assumption of the risk. Specifically, appellant maintains this doctrine has been merged into the modern doctrine of comparative negligence as stated in R.C. 2315.19(A)(2).
In cases involving an unnatural accumulation of ice and snow, a plaintiff must show the defendant created or aggravated a hazard, the defendant knew or should have known of the hazard, and the hazardous condition was made substantially more dangerous than it would have been in the natural state. Myers v. Forest CityEnterprises, Inc. (1993), 92 Ohio App.3d 351, 353-354.
The general rule in Ohio is that a land owner or occupier has no duty to a business invitee to remove natural accumulations of ice and snow. LaCourse v. Flietz (1986), 28 Ohio St.3d 209. A natural accumulation of ice and snow is one which accumulates as a result of an act of nature as opposed to a an natural accumulation that results from an act of a person. Porter v. Miller (1983),13 Ohio App.3d 93, 95. Once a landowner or occupier undertakes to remove ice and snow, he or she has a duty to use ordinary care not to create a hazard or to aggravate an existing hazard. Smith v.Fraternal Order of Eagles (1987), 39 Ohio App.3d 97, 99.
The court in Porter further explained the intervening act of the landlord or occupier must perpetuate or aggravate a preexisting hazardous condition of ice and snow before any possible liability can attach. Porter, supra at 95; Holben v. GCAcquisition Corp. (Mar. 3, 1997), Stark App. No. 1996CA00261, unreported.
We agree with appellant the record demonstrates appellee created an unnatural accumulation of ice and snow by plowing the parking lot and carport area, thereby creating piles of snow. We also find it arguable the pile of snow resulting from the plowing created a hazard. However, our analysis must turn on whether the pile of snow was substantially more dangerous than it would have been in its natural state. We find it was not.
Appellees pushed the snow pile onto a grassy strip behind the carport. Because of its location, we find the pile of snow was not substantially more dangerous than if the snow had been left in its natural, unplowed state. Accordingly, we conclude appellee breached no duty.
Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant maintains the trial court erred in finding no genuine issue of material fact existed which precludes summary judgment. Specifically, appellant contends the trial court inappropriately applied the doctrine of primary assumption of the risk. In so doing, appellant argues the trial court found appellees had no duty, thus impermissibly precluding a weighing of the parties' comparative negligence.For the same reasons advanced in our discussion of appellant's first assignment of error, we also overrule appellant's second assignment of error. We agree with appellant the act of plowing the snow created an unnatural accumulation. Coletta v. Universityof Akron (1988), 49 Ohio App.3d 35. However, because we find any hazard created by plowing the parking lot did not make the pile of ice and snow substantially more dangerous than it would have been in its natural state, we find appellees breached no duty to appellant with regard to the snow pile behind the carport as a matter of law.Appellant's second assignment of error is overruled.
The judgment of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, P.J., Farmer, J. and Edwards, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.