OPINION
Plaintiff-appellant, Harry P. Russell (Russell), appeals a decision rendered by the Mahoning County Court of Common Pleas whereby the trial court granted summary judgment in favor of defendant-appellee, Betty J. Taylor (Taylor), and denied Russell's Civ.R. 60(B)(5) motion for relief from judgment
On July 16, 1998, Russell filed a defamation suit against Taylor seeking compensatory and punitive damages. Russell initially acted pro se in the matter. Taylor filed her answer on January 29, 1999. On February 19, 1999, Russell then filed a motion to dismiss Taylor's affirmative defenses as plead in her answer.
Subsequently, on March 24, 1999, Taylor moved for summary judgment and properly served a copy of the motion on Russell. Russell's motion in opposition to summary judgment was due April 13, 1999. After being served with Taylor's motion for summary judgment, Russell retained Attorney Alan Belkin to represent him further in this matter. Attorney Belkin entered an appearance as counsel for Russell on April 15, 1999, and also filed Russell's memorandum in opposition to Taylor's motion for summary judgment. However, on April 16, 1999, the trial court entered a judgment entry in favor of Taylor. The trial court held:
 "Defendant's motion for Summary Judgment filed on March 24, 1999, with no opposition filed is hereby sustained.
 "Motion to Dismiss filed by Plaintiff on February 19, 1999 is hereby moot."
In response to the trial court's judgment entry, Russell filed a Civ.R. 60(B)(5) motion for relief from judgment on April 22, 1999. Russell attached his memorandum in opposition to Taylor's motion for summary judgment to his Civ.R. 60(B)(5) motion for relief from judgment. Included in Russell's memorandum in opposition to summary judgment were two affidavits that stated Russell had not made certain threats or comments, which were the subject of this lawsuit. On April 28, 1999, Taylor filed a memorandum in opposition to Russell's motion for relief from judgment.
On May 4, 1999, the trial court issued an order denying Russell's motion for relief from judgment. The trial court held:
 "This 4th day of May, 1999, Plaintiff's Motion for Relief from Judgment is overruled due to his failure to timely file a Response to Defendant's Motion for Summary Judgment prior to the April 13, 1999 hearing."
Russell filed this timely notice of appeal on June 1, 1999.
Russell's first assignment of error states:
 "PLAINTIFF-APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT FILED IN THE TRIAL COURT SHOULD HAVE BEEN GRANTED PURSUANT TO EITHER RULE 60(B)(1) OR 60(B)(5), OHIO RULES OF CIVIL PROCEDURE."
In Russell's first assignment of error, Russell argues that the trial court erred in not granting him relief pursuant to his Civ.R. 60(B)(5) motion for relief from judgment. Russell argues that had the trial court reviewed his untimely brief in opposition to summary judgment, the trial court would have found that a genuine issue of material fact existed, and thus Russell would have been entitled to relief from the grant of Taylor's motion for summary judgment.
Civ.R. 60 provides in pertinent part:
 "(B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc.
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
"(1) mistake, inadvertence, surprise or excusable neglect;
"* * *
"(5) any other reason justifying relief from judgment."
When deciding whether to grant or deny relief from judgment under Civ.R. 60(B), the trial court is granted sound discretion, and such decision will not be disturbed absent an abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. A trial court abuses its discretion when its actions amount to unreasonable, arbitrary, or unconscionable conduct. Tracy v.Merrell-Dow Pharmaceuticals, Inc. (1991), 58 Ohio St.3d 147,152. In reviewing a judgment under an abuse of discretion standard, an appellate court may not freely substitute its judgment for that of the trial court. Berk v. Matthews (1990),53 Ohio St.3d 161, 169.
It is widely recognized that "Civ.R. 60(B) is a remedial rule to be liberally construed so that the ends of justice may be served." Kay v. Marc Glassman, Inc., (1996), 76 Ohio St.3d 18, 20
citing Colley v. Bazell (1980), 64 Ohio St.2d 243, 249.
Despite the liberal and remedial construction of Civ.R. 60(B), Ohio courts have recognized some of the distinct limitations imposed upon Civ.R. 60(B). In a series of decisions, the courts have held that where a party brings a Civ.R. 60(B)(1) or (5) motion, and claims that summary judgment would not have been granted if the trial court had considered an untimely memorandum in opposition to summary judgment, the failure of the trial court to read or consider an untimely brief in opposition to a pending motion for summary judgment does not constitute grounds for relief from judgment under Civ.R. 60(B)(1) or (5). GoldTouch, Inc. v. TJS Lab, Inc. (1998), 130 Ohio App.3d 106, 110;Chester Twp. v. Fraternal Order of Police (1995), 102 Ohio App.3d 404,408; American Dream Realty v. Malone (Nov. 17, 1998), Franklin App. No. 98AP-332, unreported, 1998 WL 808200 at *2.
As noted by the court in Chester Twp. v. Fraternal Order ofPolice (1995), 102 Ohio App.3d 404, a motion founded upon a trial court's failure to consider an untimely brief in opposition to a motion for summary judgment is not a Civ.R. 60(B) motion for relief from judgment, but rather "the true nature of the motion submitted and considered was that of a motion for reconsideration, which is not recognized under the Ohio Rules of Civil Procedure."Id. at 408, citing Pitts v. Dept of Transp (1981),67 Ohio St.2d 378. Rather than pursuing a motion for relief from judgment on account of the trial court's failure to consider an untimely brief in opposition to a motion for summary judgment, the proper remedy is "a timely direct appeal to this court [court of appeals]". Gold Touch Inc., 130 Ohio App.3d at 111; ChesterTwp., 102 Ohio App.3d at 408.
Applying the law to the instant case, it is clear that Russell's Civ.R. 60(B)(5) motion was founded solely upon the trial court's failure to consider Russell's untimely motion for summary judgment. As such, Russell's proper avenue of relief was a direct appeal from the trial court's grant of summary judgment, not a motion for relief from judgment under Civ.R. 60(B).
Russell's first assignment of error is without merit.
Russell's second assignment of error states:
 "THE TRIAL COURT IMPROPERLY FAILED TO CONDUCT A HEARING BEFORE DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT."
In his second assignment of error, Russell argues that the trial court erred by not holding an evidentiary hearing on his Civ.R. 60(B) motion for relief from judgment. Russell cites to Adomeitv. Baltimore (1974), 39 Ohio App.3d 97[39 Ohio App.2d 97], in support of the proposition that where a party has shown full compliance with Civ.R. 60(B), the trial court is obliged to hold an evidentiary hearing before denying the movant's motion.
An examination of the facts and applicable case law show that Russell's argument is unsubstantiated. First, as noted supra, Russell has not established a successful Civ.R. 60(B) claim. Second, even if Russell had complied with Civ.R. 60(B), such compliance would not per se, as alleged by Russell, entitle him to an evidentiary hearing.
Such a rule was rejected by the court of appeals in Adomeit v.Baltimore (1974), 39 Ohio App.3d 97[39 Ohio App.2d 97]. InAdomeit, a case cited by Russell in support of his argument, the court of appeals specifically rejected such a mandatory hearing requirement. The court noted:
 "[T]he rules do not require that the trial court grant a hearing on every motion for relief from judgment under Civil Rule 60(B).
"* * *
 "Since the movant has the burden of proof, he must present sufficient factual information to warrant a hearing on the motion." Id. at 103-04.
The aforementioned passage clearly indicates that Russell was not entitled to a hearing on his motion for relief from judgment. As noted supra, Russell failed to present any evidence to the trial court that would entitle him to relief under Civ.R. 60(B).
Russell's second assignment of error is without merit.
Accordingly, for the reasons stated herein, the court hereby affirms the order of the trial court.
COX, J., WAITE, J., concurs.