DECISION.
{¶ 1} Plaintiff-appellant Donetta Graham appeals the trial court's order granting summary judgment and dismissing her claim for personal injuries sustained in a fall on a patch of ice on the business premises of defendants-appellees Golden Arch Realty Corp. and McDonald's Restaurant Corp. We affirm.
 {¶ 2} On December 21, 1999, Graham, seven months pregnant, stopped at a McDonald's to get some breakfast before heading to work. She entered the McDonald's, purchased her food, and, while exiting from the restaurant, stepped on a patch of ice and fell.
 {¶ 3} At her deposition, Graham testified that the weather that morning was cold. When asked if it had been snowing, she stated, "Could have been a couple days before then[,]" but added that there was no snow on the parking lot. Graham testified that she did not see the patch of ice on her way into the restaurant or on the way out before slipping. After she fell, she turned around and saw the ice. She testified that she did not know the origin of the ice, but "[m]aybe, it could have been the weather because it had snowed a while before then. I did see when you put salt down of the ground, and it's just like white ash. I noticed that on the parking lot."
 {¶ 4} We review the grant of summary judgment de novo.[1]
McDonald's and Golden Arch Realty were entitled to prevail on their summary-judgment motion only if (1) there was no genuine issue of material fact; (2) they were entitled to judgment as a matter of law; and (3) it appeared that reasonable minds could come to but one conclusion when viewing the evidence in favor of the party opposing the motion, and that conclusion was adverse to the party opposing the motion.[2]
 {¶ 5} To establish actionable negligence, Graham had to show the existence of a duty, a breach of that duty, and an injury proximately resulting from the breach.[3] The parties agree that Graham was an invitee on the McDonald's property. Under these circumstances, McDonald's owed Graham the highest duty a property owner could owe a person, the duty to exercise ordinary care and to protect the invitee by maintaining the premises in a safe condition.[4] In addition, it had a duty to warn the invitee of latent or concealed perils on the property of which it had knowledge or should have had knowledge.[5]
 {¶ 6} The well-established rule in Ohio is that owners and occupiers of business premises do not have a duty to remove natural accumulations of ice and snow, but that they do have a duty regarding unnatural accumulations.[6] "An unnatural accumulation is one that results from the act of a person — one caused by `factors other than the inclement weather conditions of low temperature, strong winds and drifting snow.'"[7]
 {¶ 7} Graham argues that once McDonald's undertook the task of removing the natural accumulation of ice and snow from the parking lot, the nature of any remaining ice and snow became an unnatural accumulation. But courts have held that when the top portion of a natural accumulation of snow and ice is plowed, the accumulation of snow and ice that remains is still a natural accumulation.[8] Likewise, when piled-up snow thaws and refreezes, courts have held that it is still a natural accumulation.[9]
 {¶ 8} There is no evidence in the record to suggest that the ice on which Graham slipped was anything but a natural accumulation. Graham offered no explanation other than the weather for why there was ice on the ground, and, in fact, when asked where the ice came from, she suggested that it was from a recent snowfall. Even if McDonald's had endeavored to remove the snow and ice and some had remained, it was still a natural accumulation for which McDonald's owed no duty to Graham.
 {¶ 9} Graham correctly points out that where a property owner voluntarily chooses to remove a natural accumulation of ice or snow and knowingly creates a more dangerous condition, the owner can be considered negligent.[10] But the cases cited by Graham, in which courts applied this exception and reversed judgments entered for property owners, are factually distinguishable. In both cases cited by Graham, the property in question was on an incline.[11] The courts held that a genuine issue of fact remained as to whether an increased hazard was created when snow and ice was pushed to the top of the hill, only to have it melt and run back down the hill to refreeze on the sidewalk.[12]
 {¶ 10} In Graham's case, there is nothing in the record to suggest that the property was on a hill or that the cleared snow had been piled near the ice patch on which Graham slipped. Graham cannot point to any facts in the record that support the theory that the manner in which McDonald's had cleared the parking lot created a more dangerous condition. Therefore, the only conclusion reasonable minds could reach, construing the facts in Graham's favor, was that Graham slipped on a natural accumulation of ice.
 {¶ 11} Because Graham slipped on ice that was a natural accumulation, McDonald's owed no duty to Graham, as a matter of law, to warn or to protect her. Therefore, McDonald's could not be liable to Graham for negligence.
 {¶ 12} Accordingly, we overrule Graham's only assignment of error and affirm the trial court's grant of summary judgment in favor of McDonald's and Golden Arch Realty.
Judgment affirmed.
Sundermann, P.J., and Hildebrandt, J., concur.
[1] See Doe v. Shaffer, 90 Ohio St.3d 388, 390, 2000-Ohio-186,738 N.E.2d 1243.
[2] See Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336, 671 N.E.2d 241.
[3] See Texler v. D.O. Summers Cleaners Shirt Laundry Co.,81 Ohio St.3d 677, 680, 1998-Ohio-602, 693 N.E.2d 271.
[4] See Light v. Ohio Univ. (1986), 28 Ohio St.3d 66, 68,502 N.E.2d 611.
[5] See Westwood v. Thrifty Boy Super Markets, Inc. (1972),29 Ohio St.2d 84, 86-87, 278 N.E.2d 673.
[6] See Sidle v. Humphrey (1968), 13 Ohio St.2d 45, 233 N.E.2d 589, paragraph three of the syllabus.
[7] See Davis v. The Timbers Owners' Assn. (Jan. 21, 2000), 1st Dist. No. C-990409, quoting Porter v. Miller (1983), 13 Ohio App.3d 93, 95,468 N.E.2d 134.
[8] See Coletta v. Univ. of Akron (1988), 49 Ohio App.3d 35, 37,550 N.E.2d 510; Davis v. The Timbers Owners' Assn., supra.
[9] See Lopatkovich v. Tiffin (1986), 28 Ohio St.3d 204, 208,503 N.E.2d 154; DeSalvo v. Edward J. DeBartolo Corp. (Dec. 16, 1998), 7th Dist. No. 96 CA 229.
[10] See Lopatkovich v. Tiffin, supra, at 207; Smith v. Fraternal Orderof Eagles (1987), 39 Ohio App.3d 97, 98, 529 N.E.2d 477; Stinson v.Cleveland Clinic Found. (1987), 37 Ohio App.3d 146, 148,524 N.E.2d 898.
[11] See Smith v. Fraternal Order of Eagles, supra; Stinson v.Cleveland Clinic Found., supra.
[12] Id.