DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from the October 29, 2003 judgment entry of the Wood County Court of Common Pleas, which granted the motion for summary judgment filed by appellee, Holiday Inn French Quarter ("Holiday Inn"), against appellant, Eric Poore. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} On the evening of January 26, 2001, appellant arrived at the Holiday Inn with a date to go dancing. Appellant testified in his deposition that it was snowing when he arrived and that there was an accumulation of snow approximately three to four inches deep. When appellant left at 2:00 a.m., he began removing the snow from his car windows which had accumulated while he was in the Holiday Inn. As he was walking along the passenger side of his vehicle, going toward the windshield, appellant fell forward on his elbow, fracturing it.
 {¶ 3} Appellant testified that, the following day, in the location where he fell, he discovered a slope or ramp of accumulated ice from the top of the curb and extending into the parking lot a distance of 12 to 18 inches. Appellant asserts that he slipped on this accumulation of ice. According to appellant, due to the presence of the ice buildup, it was apparent to him that Holiday Inn "had plowed previous snow up on the curb that it had melted except for where it left the ice from the curb down." Appellant testified that it had been approximately two weeks before the night of his fall since it had last snowed.
 {¶ 4} Appellant sued Holiday Inn on January 15, 2003, alleging negligence for failing to keep its premises safe for all business invitees and for failing to properly remove the snow and ice that had formed around the curb. Holiday Inn filed a motion for summary judgment on September 9, 2003, arguing that it was not liable for appellant's injuries because: (1) appellant was unable to identify the cause of his fall; (2) appellant was injured on a natural accumulation of ice and snow; and (3) appellant was injured as a result of an open and obvious danger. Appellant argued that there were genuine issues of material fact regarding Holiday Inn's negligence. The trial court, however, granted Holiday Inn summary judgment on the bases that there was no evidence that Holiday Inn did anything to substantially increase the risks of ice and snow to its invitees, and that the existence of a curb was an open and obvious danger. Appellant appeals the decision of the trial court and raises the following assignment of error:
 {¶ 5} "In granting the appellee's motion for summary judgment, the trial court erred in finding: (1) no evidence that the Holiday Inn French Quarter did anything to substantially increase the risks of ice and snow to business invitees; and (2) that the risk posed to appellant by the ice ramp was open and obvious."
 {¶ 6} Appellant argues that although an owner has no duty to warn or protect a business invitee from natural accumulations of ice and snow, a duty may exist where the owner has altered the natural condition of ice and snow, thereby making it more dangerous. See Smith v. Fraternal Order of Eagles (1987),39 Ohio App.3d 97. Appellant asserts on appeal that Holiday Inn's plowing of the parking lot created an unnatural accumulation which made conditions more dangerous, thereby creating a duty to appellant. We disagree.
 {¶ 7} In Zamano v. Hammerschmidt, Inc., 6th Dist. App. No. H-02-031, 2003-Ohio-1618, citing, LaNier v. Humbard (Apr. 13, 2001), Ottawa App. No. OT-00-013, this court rejected the argument that "ice created solely by the melting and refreezing of plowed snow is an `unnatural accumulation' for purposes of determining liability in a negligence action." Zamano at ¶ 17. Rather, we relied on the holding in Hoenigman v. McDonald'sCorp. (Jan. 11, 1990), Cuyahoga App. No. 56010, wherein the court held that an owner was not negligent when the plaintiff fell on ice that had accumulated next to a bank of plowed snow. In citing the holding in Hoenigman, we stated that "in order to show that ice and/or snow was cleared negligently, a plaintiff must present evidence that `the risk of injury was substantially increased' from the risk normally associated with those conditions that create accumulations of ice and snow in the winter in Ohio." Zamano at ¶ 21.
 {¶ 8} In this case, there is no evidence that the snow was removed negligently or that the removal of the snow substantially increased the normal risks associated with the natural accumulation of ice and snow during winter months. See Zamano,
citing, Hoenigman. Rather, according to appellant's own observations, it appeared that the ice ramp had been formed by snow melting and then refreezing next to the curb. There is no evidence that this accumulation was anything other than the result of normal thawing and freezing of the snow bank which would have occurred due to rising and falling temperatures after the parking lot was plowed. Accordingly, we find that appellant failed to establish a genuine issue of material fact regarding whether Holiday Inn substantially increased the risks of ice and snow to business invitees by plowing its parking lot.
 {¶ 9} Appellant additionally argues that the trial court erred in finding that the risk posed to appellant by the ice ramp was open and obvious. We, however, find that appellant's argument is misplaced. The trial court did not find that the ice ramp was open and obvious, rather, the trial court held that "[t]o the extent that [appellant's] claim is based upon the theory of tripping over the curb, the court finds that this risk is open and obvious." We find that this is a correct statement of the law and, therefore, affirm the trial court on this basis. See Duncanv. Capitol S. Community Urban Redevelopment Corp., 10th
Dist. No. 02AP-653, 2003-Ohio-1273; and Alvarado v. CinemarkUSA, Inc., 8th Dist. No. 81702, 2003-Ohio-881.
 {¶ 10} Based on the foregoing, we find that there are no genuine issues of material fact and, when construing the evidence most strongly in favor of appellant, reasonable minds can only conclude that Holiday Inn is entitled to judgment as a matter of law. See Civ.R. 56(C). Appellant's sole assignment of error is therefore found not well-taken.
 {¶ 11} On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Knepper, J., Lanzinger, J., Concur.