[Cite as *Bank of Am., N.A. v. Jimenez*, 2011-Ohio-5606.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

BANK OF AMERICA,                          Case No. 2011CAE050046
NATIONAL ASSOCIATION,

        Appellee,

v.

EZEKIEL JIMENEZ ET AL.,                   O P I N I O N

        Appellants.

JUDGES:
:    Hon. William B. Hoffman, P.J.
:    Hon. Sheila G. Farmer, J.
:    Hon. John W. Wise, J.

CHARACTER OF PROCEEDING:      Civil appeal from the Delaware County
                              Court of Common Pleas, Case No.
                              10CVE04573

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       October 31, 2011

APPEARANCES:

For Plaintiff-Appellee                For Defendants-Appellants

NICHOLAS W. MYLES                     BRIAN K. DUNCAN
SCOTT A. KING                         ELLIOT B. GARVEY
2000 Courthouse Plaza N.E.            155 East Broad Street, Ste. 2200
10 W. Second Street                   Columbus, OH 43215
Dayton, OH  45402

*Hoffman, P.J.*

**{¶ 1}** Defendants-appellants Ezekiel Jimenez and Azar Sarikhani appeal the April 12, 2011 Judgment Entry entered by the Delaware County Court of Common Pleas rendering judgment in favor of Plaintiff-appellee Bank of America, National Association.

## STATEMENT OF THE CASE

**{¶ 2}** On April 12, 2010, Appellee Bank of America filed a complaint in foreclosure against Appellants Ezekiel Jimenez and Azar Sarikhani seeking judgment for the balance due on a note and to foreclose on the associated mortgage. Appellants did not file an answer to the complaint.

**{¶ 3}** On May 17, 2010, Appellee moved for default judgment against Appellants. Appellee then dismissed the motion. On June 25, 2010, Appellee filed a second motion for default judgment. Via Judgment Entry, the trial court granted the motion for default judgment on July 1, 2010.

**{¶ 4}** Appellants claim they had been involved in good faith negotiations with Wells Fargo Home Mortgage regarding potential resolution options, an entity who is not a party to this action, during the pendency of the foreclosure proceedings. On January 11, 2011, Appellants retained counsel to pursue debt relief options, including bankruptcy.

**{¶ 5}** On January 11, 2011, on the eve of the scheduled Sheriff's sale, Appellants filed a motion to vacate the July 1, 2010 Judgment Entry along with a Motion for Stay of Execution of Sheriff's Sale, Motion for Foreclosure Mediation and Motion for

Extension of Time to Answer. Via Judgment Entry of April 12, 2011, the trial court denied Appellants' motion to vacate.

{¶ 6} Appellants now appeal, assigning as error:

{¶ 7} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO VACATE THE UNDERLYING JUDGMENT AS DEFENDANTS/APPELANTS MADE THE REQUISITE SHOWING UNDER CIV. R. 60 (B) IN THEIR MOTION TO VACATE, SPECIFICALLY CIV. R. 60 (B) (1) AND (5).

{¶ 8} "II. THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO TAKE HEED OF THE UNDERLYING POLICY OF OHIO COURTS AND 'LONGSTANDING PRACTICE' WITH RESPECT TO ADJUDICATING MATTERS ON THEIR MERITS AS OPPOSED TO PROCEDURAL DEFECTS.

{¶ 9} "III. THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO ADDRESS, OR EVEN CONSIDER, ALLEGATIONS OF OPERATIVE FACTS WHICH DEMONSTRATE THAT DEFENDANTS WERE ENTITLED TO RELIEF UNDER CIV. R. 60 (B).

{¶ 10} "IV. THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING DEFENDANTS/APPELLANTS' REQUEST FOR AN ORAL HEARING ON HIS [SIC] MOTION TO VACATE, DESPITE THE FACT THAT THERE WERE ALLEGATIONS OF OPERATIVE FACTS WHICH WOULD WARRANT RELIEF UNDER CIV. R. 60 (B)."

I, II, III & IV

{¶ 11} Appellants' assigned errors raise common and interrelated issues; therefore, we will address the arguments together.

**{¶ 12}** Civ. R. 60(B) provides the basis upon which a party may obtain relief from judgment, and states in pertinent part: "On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceedings for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered to taken."

**{¶ 13}** Furthermore, "a motion for relief from judgment under Civ. R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122, and *Citibank* (South Dakota), *N.A. v. Stein*, Fairfield App. No. 05CA71, 2006–Ohio–2674 at ¶ 27. In order to find an abuse of discretion, we must determine that the trial court's decision denying Appellants' motion was unreasonable, arbitrary or unconscionable, and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.

**{¶ 14}** The Ohio Supreme Court interpreted Civ. R. 60(B) in the seminal case of *GTE Automatic Electric, Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 351

N.E.2d 113 as follows: "To prevail on his motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." *Id.* at 150–151.

{¶ 15} A trial court must determine whether the motion contains allegations of operative facts which would warrant relief under Civil Rule 60(B), and if so, should grant an evidentiary hearing. *Adomeit v. Baltimore* (1974), 39 Ohio App.3d 97.

{¶ 16} Herein, Appellants moved the trial court for relief from judgment due to excusable neglect and/or inadvertence alleging they were misinformed by a third-party loan modification company. However, as noted by the trial court, Appellants offered only a self-serving affidavit in support of their motion which did not support their alleged defenses. "Unsworn allegations of operative facts contained in a motion for relief from judgment filed under Civ.R. 60(B) or in a brief attached to the motion are not sufficient evidence upon which to grant a motion to vacate judgment." *East Ohio Gas Co. v. Walker* (1978), 59 Ohio App.2d 216. Furthermore, reliance upon a third party loan modification company does not justify failing to file an Answer to the complaint.

{¶ 17} Appellants' first defense asserted Appellee lacked standing or was not the real party in interest; however, Appellee filed the assignment of the mortgage subsequent to the filing of the complaint, but prior to the trial court's judgment, thereby curing any defect. The failure to be a real party in interest is not a jurisdictional defect. *State ex rel. Jones v. Suster* (1998), 84 Ohio St.3d 70.

{¶ 18} As Civil Rule 60(B) does not require the trial court to weigh the evidence, the court was not charged with issuing findings of fact. A trial court "[is] not required to cite every piece of evidence or testimony offered in its decision, and the fact that a particular piece of evidence or testimony [is] not mentioned does not mean it was ignored." *Gardner v. Bisciotti,* 2010-Ohio-5975. As an appellate court, we presume the trial court properly considered the affidavit offered in support of Appellants' motion to vacate the judgment.

{¶ 19} Upon review of the record, the trial court did not err in overruling Appellants' Civil Rule 60(B) motion to vacate the trial court's July 1, 2010 Judgment Entry.

{¶ 20} The April 12, 2011 Judgment Entry of the Delaware County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Farmer, J., and Wise, J. concur

s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ John W. Wise _____

HON. JOHN W. WISE IN THE COURT OF APPEALS FOR DELAWARE

COUNTY, OHIO

FIFTH APPELLATE DISTRICT

BANK OF AMERICA,
NATIONAL ASSOCIATION,                    :
                                         :
            Appellee,                    :
                                         :
                                         :
v.                                       :       JUDGMENT ENTRY
                                         :
EZEKIEL JIMENEZ ET AL.,                  :
                                         :
                                         :
            Appellants.                  :       CASE NO. 2011CAE050046


        For the reasons stated in our accompanying Opinion, the April 12, 2011 Judgment

Entry of the Delaware County Court of Common Pleas is affirmed.  Costs to Appellants.


                                    s/ William B. Hoffman_____
                                    HON. WILLIAM B. HOFFMAN


                                    s/ Sheila G. Farmer_____
                                    HON. SHEILA G. FARMER


                                    s/ John W. Wise_____
                                    HON. JOHN W. WISE